## John D. Knox v. George Merrill.

AMERCEMENT, *Effect of.* An order of amercement, even where the delinquent is an officer of the county in which the process issued, has the force and effect of a judgment, and as such is a lien upon the real estate of such officer within the county from at least the day upon which it is entered.

*Error from Shawnee District Court.*

ACTION brought by *Knox* against S. P. Wade, upon two certain promissory notes made by defendant to plaintiff, amounting to $1,590, with interest at the rate of twelve per cent. per annum from May 3, 1878, and to foreclose a mortgage executed

by Wade to *Knox* upon the west half of section 35, township 11, range 13, in Shawnee county, to secure the payment of the notes aforesaid. *Merrill,* who claimed a certain lien upon the said real estate, was made a party defendant in the action. Other facts are stated in the brief of counsel for plaintiff in error. Trial at the January Term, 1879, of the district court, and judgment for *Merrill* and against *Knox,* who brings the case here for review.

*J. G. Slonecker,* for plaintiff in error:

When the sheriff of a county out of whose court an execution has been issued to him, is amerced for neglect of duty, when does the amercement become a lien upon his real estate? In this case an execution was issued out of the district court of Shawnee county, directed to S. P. Wade, sheriff of said county, in an action in which George Merrill, defendant herein, was plaintiff, and Wade, failing to return the execution within the time required by law, was amerced at the instance and upon the motion of Merrill, October 20, 1877. October 31, 1877, Wade executed to plaintiff Knox a mortgage on certain real estate in Shawnee county. July 31, 1878, execution was issued on account of said amercement, and levied on the same real estate. If the amercement became a lien upon the real estate when the order was made (October 20, 1877), then the judgment of the district court should be affirmed. If, however, the amercement did not become a lien until execution was issued and *levied,* then the judgment of the district court should be reversed. The plaintiff in error claims that the amercement did not become a lien upon the real estate of Wade until the *levy* was made, July 31, 1878. An amercement is a summary proceeding, which is granted on motion, with two days' notice. There are no pleadings; there is no jury; there is no trial. If it appears to the court that the officer is guilty of the negligence, and the proceedings are regular, the order of the court is that he be amerced. It is a fine or penalty. It is

an order of the court, *and not a judgment.* (*Armstrong v. Grant,* 7 Kas. 296.)

An amercement is defined by Bouvier to be, "A pecuniary penalty imposed upon a person." It is in the nature of a fine for contempt, except that it is for the use of the party complaining. It is penal in its nature, and cannot be a judgment or a lien upon real estate. Being for the use of the complaining party, however, he probably has a right to the process of the court, but he must pursue his remedy by issuing his execution and making a levy. He can get nothing by implication. He has no judgment, and can only get a lien upon real estate by making a levy, unless the statute provides otherwise.

• The statute itself shows that an amercement is not a lien. Sec. 472, ch. 80, Gen. Stat. 1868, provides for the amercement of a sheriff of the county out of which the execution issues. The conclusion of that section is, that such sheriff "be amerced in the amount of said debt, damages and costs, with ten per cent. thereon, to and for the use of said plaintiff or defendant, as the case may be." Section 473 provides for the amercement of clerks, and section 474 for the penalty in certain cases of amercement. Section 475 says nothing about amercement, but defines the duties of various officers when execution is issued to the sheriff of another county; and section 476 provides for the manner of return of such execution. Then comes § 477, which provides for another class of cases — the amercement of officers of a county other than that out of which execution issued. It requires at least fifteen days' notice, and closes with this sentence: "All amercements so procured shall be entered on the record of the court, and shall have the same force and effect as a judgment." This clause evidently settles the question that an amercement does not have the force or effect of a judgment, unless so provided by statute.

Section 472, which provides for the amercement of sheriffs of the county out of which the execution issues, says nothing about its having the force and effect of a judgment.

Section 477 contains the whole law regulating the amercement of officers of any county other than that out of which execution issues, and concludes with that provision. It is a section complete in itself, and if the whole section were left out, the law in regard to amercing officers of the county out of which execution issues would still be complete. It is a limiting clause, and must be confined to the class of cases enumerated in that section.

"A limiting clause is generally to be restrained to the last preceding antecedent." (*Cushing v. Warrick*, 9 Gray, 382.)

If that clause had been in a section by itself, or incorporated in a section with other general provisions in regard to the subject, then it could be construed to refer to the whole subject of amercement, and to all classes of cases; but there being two classes of cases enumerated, and the proceedings in regard thereto described in separate sections, and this clause being incorporated in but one of these sections, with the statement that all amercements *so* procured shall have the same force and effect as a judgment, it can only be applied to the class of cases therein described, viz., officers of any county other than that out of which execution issued, with fifteen days' notice.

There is also a reason for the addition of that clause to § 477 and its omission from § 472. Where the officer of a county out of which the execution is issued is amerced, the complaining party is there to watch his interests, and can see that execution is issued at once, and *levied* on the real estate of the delinquent; but if the officer of another county is amerced, it is doubtful whether the complaining party could have an execution issued *to that county* without this or a similar enabling clause; and even if he could, his distance from the county where the officer lived and held property would place him at a disadvantage, unless the amercement did take the form and have the effect of a judgment.

*George Merrill*, defendant in error, for himself:

The question for settlement is fairly stated in the brief of plaintiff in error. For the purposes of this question, the

facts as to dates, and in other particulars, are accurately and perhaps sufficiently stated in the brief of plaintiff in error. But the defendant in error claims for the order of amercement the force and effect of a judgment, from the first day of the term at which the order was made, viz., from August 27, 1877; though this claim is perhaps only material as a full statement on behalf of defendant in error, since, if the lien of the order of amercement be limited to its date, when it was entered upon the record, it would still be prior to the mortgage of plaintiff in error, and the judgment of the district court should be affirmed.

The entire argument of the plaintiff in error seems to be an admission that, if this case were one coming within the provisions of § 477, ch. 80, Gen. Stat. of 1868, there would remain no question; and that the amercement would, by provision of statute, be at once clothed with the force and effect of a judgment; and this notwithstanding his theorizing as to the summary and penal character of the proceeding. The claim of defendant in error is based upon § 477, ch. 80, Gen. Stat. of 1868: "All amercements so procured shall be entered on the record of the court, and shall have the same force and effect as a judgment." While this provision is found in § 477, and is perhaps grammatically disconnected from § 472, it is plainly intended to apply to all cases where the result of the proceeding is an order of amercement. The proceedings in amercement are provided for in a connected and logical series, beginning with § 472 and ending with § 479. The provisions of § 472 are general, covering the case of the sheriff or other officer of *any* county, as well of the county out of whose court the execution issued, as of a county other than that out of whose court the execution issued. Under that section the offense of the sheriff may be the neglect to return any writ of execution to the *proper* court, and the *proper* court may be that of the county where the sheriff belongs, or it may be that of another county. The provisions of § 472 are at the bottom of every proceeding in amercement; and § 477 does not contemplate a class

of cases in amercement not provided for in § 472, as is supposed by plaintiff in error, but only provides that in cases under § 477, where the officer is of a county other than that from whose court the execution issues, notice shall be given such officer, as required by § 472, for fifteen days before such motion in amercement is made, instead of two days.   In this case the offense was that of the sheriff's neglect to return an execution issued to him out of the court of his own county. The proceedings were had upon two days' notice, and are in all respects unquestioned by the plaintiff in error, and were regular.   A slight examination of the provisions of §§ 478 and 479 will satisfy one of the falsity of the construction contended for by plaintiff in error.   If such construction be correct, the order of amercement resulting from proceedings on two days' notice never acquires the same force and effect as a judgment, and to which the sureties of the officer in question could be made parties.   Is there any conceivable reason for this distinction in the force of an order of amercement in the several cases?   If such construction be correct, the result of proceedings in amercement on two days' notice never acquires the same force and effect as a judgment, notwithstanding that, by the provisions of § 479, the officer may be entitled to execution under the original judgment for his own use, while the party procuring the order of amercement is left to the less security of his order.

The opinion of the court was delivered by

BREWER, J.: The single question is, as to when an order of amercement becomes a lien on the real estate of the officer amerced, situate within the county, whether at the date of the order, or at the time of the levy of an execution issued thereon.   The district court held that it became a lien from the day of its date, and we think this ruling was correct.   In § 477, Gen. Stat., p. 723, it is provided that, "all amercements so procured shall be entered on the record of the court, and shall have the same force and effect as a judgment."   But the contention of counsel is, that this applies only to amerce-

37—22 KAS.

ments of officers of a county other than that from which the execution issued. There is plausibility and ingenuity in the argument made in support of this contention, but still we think it not convincing. It is based upon the arrangement of the sections of the statute concerning amercements. Sec. 472 provides for the amercement of a sheriff or other officer who refuses or neglects certain duties, and that the amercement shall be on motion in court, and two days' notice in writing. This section is general, and if there were no other, would apply to all officers, whether of the county in which the execution issued, or of any other county. It says nothing about the force and effect of the order, or the means of enforcing it. Sec. 473 provides for the amercement of clerks. Sec. 474 limits the amount of the amercement. Sec. 475 provides that where execution is issued to the sheriff of another county, he shall have it entered upon the execution docket of his county. Sec. 476 authorizes a return of such execution by mail. Sec. 477 forbids sending money collected on such execution by mail, unless specially instructed; and then follow these words: "In all cases of a motion to amerce a sheriff, or other officer of any county other than that from which the execution issued, notice in writing shall be given to such officer, as hereinbefore required, by leaving it with him, or in his office, at least fifteen days before the day on which such motion shall be made." The section then closes with the words heretofore cited as to the force and effect of all amercements so procured. Upon this counsel says, that as certain amercements are named in the fore part of the section, the words, "all amercements so procured," in the latter part, refer only to such amercements; that a limiting clause usually refers to its next preceding antecedent, and especially when there is no other antecedent clause in the same section to which it can refer. Still, as above stated, we cannot assent to this view. Sec. 477 does not contain full provisions for any class of amercement. It is itself based upon § 472, and simply extends the time of notice required in certain cases. Such construction would make amercements, where the de-

linquent is an officer of another county, operative as judgments; while those against a delinquent officer of the same county, would not only be without the force of judgments, but would not be enforceable in any way save by action; for there is no other provision in the statute authorizing an execution upon any order of amercement. No reason appears for so broad a distinction, and it is not reasonable to suppose the legislature intended it.

Again, § 478 provides that each surety may be made a party to the *judgment rendered as aforesaid* against the sheriff, by action. If such judgment of amercement can be only against an officer of another county, as an action can only be commenced in the county where the defendant, or some one of them, resides or may be summoned, how often could the surety be reached and made a party to the judgment? Again, the same section provides that "Nothing herein contained shall prevent either party from proceeding against such sheriff, or other officer, by attachment, at his election." Are we to infer from this that amercement takes away the remedy by attachment as to local delinquents?

Again, § 479, which gives the sheriff who pays on an amercement order the right to enforce the original judgment, evidently implies by the use of the phrase "original judgment," the rendering of a second or subsequent judgment; and is such right not given to the local as well as the outside sheriff?

Indeed, taking the several sections of the statute together, it seems clear that the legislature intended the provision first cited to apply to all amercements. Such was the practice and understanding in Ohio, from which these sections were taken, and our legislature, in adopting them, adopted them with the settled construction there. (*Wadsworth v. Parsons,* 6 Ohio, 449; *Graham v. Newton,* 12 Ohio, 210.)

The judgment will be affirmed.

All the Justices concurring.